**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Juan DOMINGUEZ–HERNANDEZ,**
**Defendant–Appellant.**

No. 06–40229
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Juan Dominguez–Hernandez appeals from his 37–month sentence resulting from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.

Dominguez–Hernandez argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1). Given the Supreme Court's recent decision in *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), Dominguez–Hernandez is correct. *See United States v. Estrada–Mendoza,* 475 F.3d 258, 260–61 (5th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 1845, 167 L.Ed.2d 340 (2007). Dominguez–Hernandez's sentence is vacated as to the § 2L1.2(b)(1) adjustment, and the case is remanded for resentencing.

Dominguez–Hernandez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Dominguez–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Dominguez–Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Dominguez–Hernandez's motion to summarily affirm in part and to vacate in part and remand for resentencing is denied as moot.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR RE-SENTENCING; MOTION DENIED AS MOOT.